In the Matter of the Claim of EDWARD M. MOODY, Respondent, v. JUDSON F. PAYNE, Doing Business as MOORDENIER HILLS, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeals from a decision and supplemental decision. In its initial decision the board found that by reason of his work in silos, with concomitant exposure to nitrous fumes, claimant, a farmhand, contracted and was disabled by silo filler's disease, which the board held to be an occupational disease under section 3 (subd. 2, par. 10) of the Workmen's Compensation Law. The supplemental decision assigned the condition to the perhaps broader, but apparently inclusive category of "bronchitis and pneumonitis of a chemical nature, due to * * * exposure to toxic nitrogenous gases in the employment", constituting, in the board's view, an occupational disease under paragraph 29; and, because claimant's employment continued to the date of disablement, the board found the disease to be subject to the presumption of section 47; the supplemental decision concluding with the statement that, "In all other respects, the [original] decision remains the same." Appellants' brief narrows the issues to the contention that: "Since the record lacks any evidence of either (1) the factual presence of toxic nitrous fumes on employer's premises or (2) that claimant was exposed to the same, no medical opinion could competently link the claimant's lung pathology with the employment." The board was warranted in finding fumes present. Claimant, a recent immigrant, reported to Dr. Maxon, a specialist in pulmonary diseases, gases which he described as "steam" and he had previously reported to Homer Folks Tuberculosis Hospital "fumes" emanating from the silage and the onset of significant symptoms on each exposure. Dr. Maxon said that claimant "in all likelihood had repeated exposures to irritant nitrogen gas in a silo". At Homer Folks Tuberculosis Hospital the final diagnosis of claimant's condition was silo filler's disease "presumably related to exposure either to fungi, dust or nitrogen dioxide". The agricultural college bulletin upon which appellants' arguments are largely predicated clearly admits the possibility of the production of nitrogenous gases under facts and circumstances such as existed on the employer's farm and during the period of claimant's supposed exposure. There was substantial evidence, also, of the exposure, which appellants' brief denies, during the so-called "danger period" of about two weeks after filling of a silo. The work of filling the silos, in which claimant actively participated, was under way, and may or may not have progressed to the danger period, before he left on vacation on October 1, 1961 and the work was completed at some time prior to his return to work on October 18 or 19; from which time he entered the silo

twice daily, each time for a half-hour period. Appellants assert that the critical two-week period occurred during claimant's absence from October 1 to October 18; but appellants themselves, first in their hypothetical question, which elicited from Dr. Maxon his opinion of causal relation, again, in colloquies with the doctor prior to his answer, and, finally, in their application for review, rely upon evidence that the work of filling the silo was carried on in the period "at the end of September and first two weeks in October", the quotation being from their presumably considered application for review. Dr. Maxon considered that causative exposure was possible if claimant "went in some time between October 19, 1961 and two weeks or maybe even two and a half weeks following that date". Appellants seem not to dispute, specifically at least, the nature of claimant's disease or his disability, and, indeed, produced no medical evidence; but the diagnoses must be stressed, nevertheless. In addition to Dr. Maxon's unequivocal opinion, upon which the board seems principally to have relied, the diagnosis at Homer Folks Tuberculosis Hospital was of silo filler's disease; that at St. Peter's Hospital "a broncho-pneumonia, possibly silo-filler's disease"; and that of a chest surgeon upon examination at Albany Medical Center Hospital "diffuse pulmonary fibrosis, possibly based on inhalation of nitrogen dioxide associated with his work in the silos, so called 'silo-fillers lung disease'." We deem significant Dr. Maxon's observations, buttressing his firm diagnosis, that it appeared that claimant had exposure to gases while in the silo, that there was no history of any preceding pulmonary disease and that the "onset and aggravation of his symptoms on exposure to 'steam' from the silage seems more than coincidental." Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.